UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  18-CR-20057-001 |
| ) | |
| QUINTEZ TURNER, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S
MOTION TO STRIKE OR IN THE ALTERNATIVE
TO STAY THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**

The United States of America, by its attorney, John C. Milhiser, United States Attorney for the Central District of Illinois, through undersigned counsel, hereby respectfully requests that this Court strike Defendant Quintez Turner's motion to suppress evidence (R. 26) for failing to state a basis for the relief sought. Alternatively, the United States respectfully requests that this Court stay the government's response to defendant's motions until such time as the defendant files a memorandum of law in support of his request.  As grounds, the government states the following:

1. A federal grand jury seated in the Central District of Illinois returned a three-count indictment against Defendant Quintez Turner on December 4, 2018. R. 8. Following enactment of the First Step Act and the United States Supreme Court's ruling in *United States v. Rehaif*, slip op. 17-9560, 588 U.S. ____ (2019), a superseding indictment was returned against the defendant on August 8, 2019. R. 21.

2. On January 5, 2020, the defendant filed a motion to suppress evidence in this case. R. 26. This motion did not include a brief or memorandum of law with supporting authority or argument. *Id*. Rather, the defendant noted simply that "[a] memorandum of law will be filed in support of this motion." *Id.* at 1.

3. The following day, January 6, 2020, this Honorable Court entered an order requiring the government respond to the defendant's motion within three weeks, by January 27, 2020. d/e 01/06/2020.

4. As of the filing of this present motion on January 13, 2020, no memorandum of law has been filed by the defendant to support his requested relief. The government cannot properly respond to the defendant's motion to suppress as it is presently filed, without a supporting memorandum of law.

5. Motions must be "supported by a brief" or "include a memorandum of law … and supporting authorities upon which the moving party relies, and identify[ ] the Rule under which the motion is filed." *See* CDIL L.R. 12.1 (criminal); *see also* CDIL L.R. (civil).

6. The defendant has not yet offered any legal basis for the requested suppression of evidence, and this Court should not have to guess what such a basis may be. For this Court to grant the defendant's motion, it would have to both construct defendant's legal argument and then rule in favor of that court-constructed argument. That, however, is not this Court's role. *See United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) (citations omitted) (it is not a court's "obligation * * * to research and construct

legal arguments available to parties"). The Seventh Circuit has repeatedly declined to address unsubstantiated claims because "[u]ndeveloped and unsupported claims are waived." *United States v. Smallwood*, 188 F.3d 905, 914 (7th Cir.1999); *United States v. Brocksmith*, 991 F.2d 1363, 1366 (7th Cir.1993).

For the reasons set forth herein, the government respectfully requests that this Honorable Court either (1) strike the defendant's motion for failure to comply with the local rules, or (2) order the defendant to file a memorandum of law in support of his motion to suppress and stay the government's response to the motion until three-weeks' time after he has done so.

Respectfully submitted,

JOHN C. MILHISER
*United States Attorney*

/s/ Rachel E. Ritzer
Rachel E. Ritzer, Bar No. IL 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
rachel.ritzer@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record.

                                    /s/ Rachel E. Ritzer
                                    Rachel E. Ritzer, Assistant U.S. Attorney